Justice KETCHUM,
dissenting:
The Retirement Board is equitably es-topped from denying Mr. Jones eligibility to participate in PERS.
When Mr. Jones began working for the Raleigh County Emergency Service Authority, he was accepted by PERS into their retirement system. PERS even wrote Mr. Jones and acknowledged that he had returned to the employment of a participating PERS employer. In addition, PERS accepted his monthly retirement contributions for over ten years. It was not until he vested for PERS retirement benefits that he was notified by PERS that he was ineligible.
*688 There is no doubt that the Retirement Board is equitably estopped from denying Mr. Jones benefits under the factors set out in Hudkins v. Public Retirement Bd., 220 W.Va. 275, 647 S.E.2d 711 (2007). The Board informed Mr. Jones, in writing, that he was working for a participating employer and accepted his contributions until he became vested and, only then, declared him ineligible for benefits.
Therefore, I dissent.